BARRY I. FREDERICKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fredericks v. Commissioner
Docket No. 16442-92
United States Tax Court
T.C. Memo 1994-469; 1994 Tax Ct. Memo LEXIS 477; 68 T.C.M. (CCH) 751; September 26, 1994, Filed *477 Barry I. Fredericks, pro se. For respondent: Robert A. Fee. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: This matter is before the Court on cross-motions for summary judgment by petitioner and for partial summary judgment by respondent. The following facts, all stipulated by the parties, are present. By statutory notice dated July 9, 1992, respondent determined a deficiency of income tax against petitioner and his ex-wife for $ 28,361, together with increased interest under section 6621(c) for the year 1977. [1] At the time petitioner filed his petition herein, he lived at Woodcliff Lake, New Jersey. Pursuant to an extension of time granted by respondent, petitioner and his ex-wife (then his wife) filed timely a joint return for 1977 on June 14, 1978. They also filed an amended return for 1977, which was received *478 by respondent on February 23, 1988. On October 17, 1980, petitioner and his ex-wife executed a Form 872-A with respect to their 1977 taxes and filed it with respondent. This "Special Consent to Extend the Time to Assess Tax" was accepted by respondent on November 4, 1980. The printed provisions that were part of the form executed by petitioner and his ex-wife provided, inter alia, that their 1977 taxes could be assessed by respondent at any time prior to 90 days following: 1. The receipt of a Notice of Termination, Form 972-T, by the Internal Revenue Service office considering the taxpayers' case; 2. the sending of such Notice of Termination, Form 972-T, by the Internal Revenue Service to the taxpayers; or 3. the sending of a statutory notice of deficiency to the taxpayers for such period (plus the time that making such deficiency assessment was prohibited by law), plus 60 days. Thereafter, in January 1981, a representative of respondent contacted petitioner and secured from petitioner and his ex-wife a further Consent to Extend the Time to Assess Tax on Form 872, until December 31, 1982, for the year 1977. This consent was accepted on February 13, 1981. Two further consents *479 on Forms 872 were signed by petitioner and his ex-wife and were duly accepted by respondent: 1. In June 1982, extending the period of limitations to December 31, 1983; and 2. in February 1983, extending the period of limitations for 1977 to June 30, 1984. No formal act of termination of petitioner's waiver and extension of the period of limitations with respect to 1977, as specified in the Form 872-A, occurred in this matter until the issuance of respondent's statutory notice of deficiency to petitioner and his ex-wife on July 9, 1992. On this agreed set of facts, and more alleged facts, petitioner Barry I. Fredericks (his ex-wife has not joined in the petition herein and is not a party) filed a motion for summary judgment, with accompanying affidavit. Respondent, objecting to petitioner's motion for summary judgment, has now filed a cross-motion for partial summary judgment, with each side objecting to the other side's motion. The case is before us in this posture. Rule 121(a) provides that: Either party may move, with or without supporting affidavits, for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy. Such *480 motion may be made at any time commencing 30 days after the pleadings are closed but within such time as not to delay the trial. Our Rules further provide in Rule 121(b) that: A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case.
The sole issue presented in these motions is whether the applicable period of limitations in section 6501(a), which is 3 years, had expired prior to the time respondent issued her statutory notice of deficiency herein, thus prohibiting the issuance of such notice of deficiency, as petitioner contends, or whether, as respondent contends, such period of limitations was extended for an indefinite period by the agreement of petitioner and respondent in accordance with the provisions of section 6501(c)(4), so that the period of limitations was still open at the time the statutory notice of deficiency involved herein *481 was issued. In his motion for summary judgment, petitioner urges that the Form 872-A signed by petitioner and his ex-wife should be held to be invalid as an indefinite extension of the period of limitations by reason of the application of the doctrine of equitable estoppel against respondent, and in support of this position, petitioner alleges that: 1. Respondent never sent and petitioner never received from respondent an executed copy of the Form 872-A that petitioner had sent in, which respondent was required to do, so as to show that the parties had reached agreement on the terms of the extension of the period of limitations for 1977; 2. by affirmative representations and by wrongful silence, respondent led petitioner to believe that no indefinite extension of the period of limitations for 1977 existed because respondent had never received a Form 872-A executed by petitioner; 3. in negotiating for three subsequent executions of a Form 872 by petitioner, and by affirmative misrepresentations as well as by wrongful silence, respondent led petitioner to believe that the Form 872-A, involving an indefinite extension of the period of limitations, was not valid and had been terminated, *482 so that further execution of Forms 872, extending the period of limitations for specified limited periods, was necessary in order for respondent to further process petitioner's pending case for 1977; and 4. this affirmative deception by respondent, and misrepresentation of the true facts by wrongful silence, deceived petitioner as to the true status of his tax case for 1977 and worked serious and irreparable damage upon him. Petitioner therefore prays that respondent be equitably estopped from alleging that the period of limitations was still open at the time the statutory notice of deficiency herein was issued, that the Court hold that the effective period of limitations had expired, and therefore that respondent's statutory notice herein was untimely and void. In contesting petitioner's motion and in filing her own cross-motion for partial summary judgment, respondent points out that the only facts in this case that are not in controversy are the agreed set of facts contained in the stipulation filed by the parties, as described first above herein; that all the alleged facts concerning respondent's affirmative and passive misrepresentation of facts and false representations *483 as to the status of the period of limitations are matters which are in dispute between the parties; and that, in fact, there were no such false representations and misrepresentations, either affirmatively or by silence on respondent's part. Respondent therefore asks that petitioner's motion for summary judgment be denied, and that partial summary judgment be entered for respondent, to the effect that the effective period of limitations was still open for the year 1977 at the time the statutory notice of deficiency herein was issued. Although it may have been disputed in the past, we think it is now fairly established that in a proper case equitable estoppel may be applied against the Government, although with the greatest caution and restraint, and in relatively rare cases. , affg. in part, revg. in part , affg. in part, revg. in part ; , affd. ; *484 . [2]
In , revg. , the Commissioner had earlier taken the position that the taxpayer was not required to file a return. Later, she reversed her position and determined a deficiency against the taxpayer, attempting to avoid the statute of limitations on the ground that no return had been filed, although she had earlier assured the taxpayer that no return was necessary. In holding for the taxpayer, and in favor of the application of equitable estoppel, the court said, quoting : *485 The applicable principle is fundamental and unquestioned. "He who prevents a thing from being done may not avail himself of the non-performance which he has himself occasioned, for the law says to him in effect 'this is your own act, and therefore you are not damnified.'" * * * Sometimes the resulting disability has been characterized as an estoppel, sometimes as a waiver. The label counts for little. Enough for present purposes that the disability has its roots in a principle more nearly ultimate than either waiver or estoppel, the principle that no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong. * * * A suit may not be built on an omission induced by him who sues. * * *
Thus, although in a proper case equitable estoppel may be applied against the Government, it has been held that the actions by the Government giving rise to such estoppel must be affirmative, not passive or "nonactions", . The moving party has the burden of proof in establishing the relevant facts, and the burden is higher when the principle is invoked against governmental *486 conduct, in that a showing of affirmative governmental conduct is typically required. . The essential elements of this equitable estoppel principle may be described as follows: 1. There must be a false statement or wrongful misleading silence; 2. the error must be one of fact and not in an opinion or statement or law; 3. the person claiming estoppel must be ignorant of the true facts; and 4. such person must be adversely affected by the acts or statements of the party against whom estoppel is claimed. ; ; . Thus, as we said in : In order for us to grant the motions for summary judgment * * * [taxpayer] and respondent must show that there is no genuine issue as to any material fact and that they are entitled to a decision in their favor as a matter of law. * * * Because this burden *487 is on the moving party * * * the factual materials presented and the inferences therefrom must be viewed in the light most favorable to the party opposing the motion. * * *
Accord . Summary judgment is proper only when there is no dispute as to any material fact. If there is, the matter must be resolved at trial. The judge on a summary judgment motion is not a trier of fact. . As the Supreme Court pointed out in , the judge's function in summary judgment cases is not to find the fact, but to determine whether there is a conflict between the parties as to the facts which are material, and would justify a trial, and would affect the verdict for one party or the other. With these principles in mind, we examine the present case. A certain number of facts have been stipulated between the parties, as we have detailed. However, there are other substantial material facts which are in dispute between the parties: petitioner alleges substantial *488 (but unspecified) affirmative and passive acts of deception on the part of respondent, which led him to believe that the Form 872-A that he admittedly signed was not effective, and which induced him to sign further Forms 872 extending the period of limitations for limited periods, all of which had expired by the time the statutory notice herein was sent. Respondent denies such allegations, and a clear conflict as to material facts is present. In these circumstances, it is clear to us that summary judgment is not an appropriate remedy for either side. In alleging the application of equitable estoppel against respondent, petitioner is alleging material facts that have not been agreed upon, and this requires petitioner to go forward and prove his allegations. Accordingly, both petitioner's and respondent's respective motions for summary judgment should be denied. An appropriate order will be issued. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. However, "nonmutual offensive collateral estoppel simply does not apply against the Government". . See .↩